**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Anthony David Thomas, et al.,

        Plaintiff,                  Case Number: 24-10250
                                                         Honorable Sean F. Cox

v.

Richard Lee Robinson, et al.,

        Defendants.

_____/

**OPINION AND ORDER (1) DISMISSING WITHOUT PREJUDICE ALL PLAINTIFFS EXCEPT ANTHONY DAVID THOMAS, (2) DENYING CLASS CERTIFICATION, (3) REQUIRING ANTHONY DAVID THOMAS TO CURE DEFICIENCY AND TO FILE AN AMENDED COMPLAINT**

      This matter is before the Court on a complaint filed by 127 prisoner plaintiffs under 42 U.S.C. § 1983. The complaint names 33 defendants. Plaintiffs fail to provide addresses for the defendants, but it appears that most are current or former employees of the Michigan Department of Corrections. Plaintiffs seek to certify this as a class action under Federal Rule of Civil Procedure 23(a).

      For the reasons that follow, the Court will sever lead Plaintiff Anthony David Thomas's case from the remaining Plaintiffs. The Court will dismiss the remaining Plaintiffs' claims without prejudice. The Court will require Plaintiff Thomas to correct a filing fee deficiency and to file an amended complaint.

## I. Discussion

The joinder of claims, parties, and remedies is "strongly encouraged" where appropriate in the interest of judicial economy and fairness. Fed. R. Civ. P. Rule 20(a)(1) provides: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." But there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by Rule 20(a)." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (Borman, J.).

First, there are the potential difficulties which would likely arise from Fed. R. Civ. P. 11(a)'s requirement that all plaintiffs sign every jointly filed document including the "possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation.'" *Proctor*, 661 F. Supp 2d at 780 (quoting *Boretsky v. Corzine*, 2008 WL 2512916, *5 (D.N.J. 2008)). Also, if a separate filing is made by one plaintiff, he would need to serve the other plaintiffs under Fed. R. Civ. P. Rule 5(a). Multiple-plaintiff *pro se* prisoner cases also create the risk that some prisoners may attempt to file pleadings on behalf of other plaintiffs without their

consent. *Id*. Joint litigation is further complicated by the transitory nature of prison populations. *See id*.; *see also White v. Tennessee Bd. of Probation and Paroles*, No. 06-2784-B/P, 2007 WL 1309402 (W.D. Tenn. May 3, 2007) ("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action"). This is particularly relevant here because several Plaintiffs have been discharged from custody, several have been paroled, and the remaining Plaintiffs are housed in at least ten different correctional facilities across Michigan.

In addition, the "'need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a),'" contributes to the difficulties of multiple-plaintiff *pro se* prisoner cases. *Proctor*, 661 F. Supp. 2d at 780 (quoting *Boretsky*, 2008 WL 2512916 at * 6). In sum, prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id*.

The Court may dismiss misjoined parties from an action, but misjoinder is generally not sufficient to dismiss an entire case. *See* Fed. R. Civ. P. 21. The Court will dismiss all Plaintiffs except Anthony David Thomas, the first named Plaintiff. The dismissed Plaintiffs are dismissed without prejudice to the filing of new, separate lawsuits.

Plaintiff Thomas, however, may not proceed with this action unless and until he pays the filing fee or files the necessary papers to proceed *in forma pauperis*. The filing fee for a civil action is $350.00 with an additional administrative fee of $52.00 (a total of $402.00). To proceed *in forma pauperis*, a prisoner must file a certified trust account statement and an affidavit of indigence. 28 U.S.C. § 1915(a)(2). Plaintiff has failed to file the required papers to proceed without prepayment of the filing fee. He must cure this deficiency within thirty days as set forth below or the matter will be dismissed without prejudice.

Plaintiff Thomas must file an amended complaint within thirty days from the date of this order. The amended complaint must remove the dismissed Plaintiffs and allege facts and claims relevant only to Plaintiff Thomas.

To the extent that Plaintiff Thomas seeks to certify this case as a class action, the request is denied. A prisoner proceeding *pro se* cannot represent the interests of his or her fellow inmates in a class action. *See Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001).

## II. Order

Accordingly, IT IS ORDERED that all Plaintiffs except Plaintiff Anthony David Thomas (# 348752) are DISMISSED WITHOUT PREJUDICE.

IT IS ORDERED THAT, within THIRTY DAYS from the date of this order, Plaintiff must submit the $350.00 filing fee with the additional $52.00 administrative fee **or** file the required Prisoner's Application to Proceed Without Prepayment of Fees and Costs and Authorization to Withdraw from the Trust Fund Account, a current Certification/Business Manager's Account Statement, and a statement of Trust Fund Account (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint.  Should Plaintiff Thomas fail to correct this deficiency, the Court must presume that he is not proceeding without prepayment of the fee, assess the entire fee, and order the case dismissed for want of prosecution. If the action is dismissed under such circumstances, it will not be reinstated even if he subsequently pays the fee.

IT IS ORDERED that Plaintiff Thomas must file an amended complaint within THIRTY DAYS from the date of this order that removes the dismissed Plaintiffs and raises only those alleged constitutional violations which specifically pertain to him. Failure to so may result in dismissal of this action without prejudice.

Dated: February 29, 2024                    s/Sean F. Cox
                                            Sean F. Cox
                                            U. S. District Judge