UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DAVID THOMAS,

          Plaintiff,                              Case No. 2:24-cv-10250

v.                                                Honorable Susan K. DeClercq
                                                        United States District Judge

RICHARD LEE ROBINSON et al.,

          Defendants.
_____/

**OPINION AND ORDER (1) DENYING FRAZIER'S MOTIONS (ECF Nos. 72; 73), (2) DENYING FRAZIER'S APPLICATIONS TO APPEAL *IN FORMA PAUPERIS* (ECF Nos. 55; 77), AND (3) DIRECTING CLERK OF THE COURT TO NOTIFY SIXTH CIRCUIT COURT OF APPEALS**

In January 2024, over 100 prisoner plaintiffs—including Alvin Dwayne Frazier—sued 33 current and former employees of the Michigan Department of Corrections, alleging civil rights violations under 42 U.S.C. § 1983 relating to prison conditions and treatment. ECF No. 1. Plaintiffs also sought class certification under Civil Rule 23(a). *Id.*

On February 29, 2024, this Court[1] denied class certification and severed Plaintiff Anthony David Thomas's claims[2] from the remaining Plaintiffs' claims and

---

[1] This order was issued by Chief Judge Sean F. Cox. On April 2, 2024, this case was reassigned to the undersigned under Administrative Order 24-AO-007.

[2] It appears this Court identified Thomas as the lead plaintiff because he was the first name on a list titled "Plaintiffs in Pro Per." *See* ECF No. 1 at PageID.23–25; *see also* ECF No. 62 at PageID.280. However, Frazier has asserted that Jason Tyrell, not

dismissed the remaining Plaintiffs—including Frazier—without prejudice. ECF No. 26. After severing Thomas's claims, this Court directed Thomas to cure a filing-fee deficiency and to file an amended complaint within 30 days. *Id. See* ECF No. 26. Because Thomas did not do so, his case was dismissed without prejudice on June 27, 2024. ECF No. 62.

Almost two months later, Frazier—who was dismissed without prejudice from this case on February 29, 2024—filed three motions: (1) a motion for relief from judgment, ECF No. 72; (2) a motion to extend the time to file a bill of costs, *id.*; and (3) a motion for reconsideration, ECF No. 73.

Frazier has also filed two appeals stemming from this case: (1) an appeal of this Court's February 29, 2024 order, *see Tyrell et al. v. Robinson et al.*, 24-1266 (6th Cir. March 25, 2024); and (2) an appeal of this Court's June 27, 2024 order, *see Tyrell et al. v. Robinson et al.*, 24-1702 (6th Cir. Aug. 21, 2024). He seeks permission to proceed on appeal in both cases without prepaying fees or costs. ECF Nos. 55; 77.

## I. Frazier's Motion for Relief from Judgment and Motion to Extend Time to File a Bill of Costs (ECF No. 72)

Frazier's motion for relief from judgment and motion to extend the time to file a bill of costs is contained within the same document. ECF No. 72. Despite the

---

Thomas, should have been designated as the lead plaintiff. ECF No. 49. Regardless, every listed plaintiffs' claims were dismissed without prejudice. *See* ECF Nos. 26 at PageID.150 (dismissing all plaintiffs *except* Thomas without prejudice); 62 at PageID.282 (dismissing Thomas's Complaint without prejudice).

title of this document, the substance of it discusses Frazier's habeas proceedings, again notes that Thomas was not intended to be the lead plaintiff in this case, and ultimately requests that he be "release[ed] from judgment of conviction." *Id.* at PageID.309. But this Court may not overturn Frazier's state-court conviction, particularly not through this case, which concerns alleged constitutional violations by MDOC employees, *not* Frazier's underlying conviction.[3] Accordingly, these motions will be denied.

## II. Frazier's Motion for Reconsideration (ECF No. 73)

Frazier's motion for reconsideration similarly purports by its title to seek reconsideration of this Court's June 27, 2024 order which denied Frazier's earlier motions for (1) relief from judgment; (2) reconsideration; and (3) leave to file an amended complaint. ECF No. 73 at PageID.315. But again, in substance, Frazier's motion actually seeks release from prison pending review of a habeas petition under Appellate Rule 23. *Id.* at PageID.317. However, that rule only permits "a court or judge rendering the [habeas corpus petition] decision, or the court of appeals, or the Supreme Court" to take such action. *See* FED. R. APP. P. 23(b). And because Frazier's habeas petition is not presently before this Court, his motion will be denied.

---

[3] As it relates to his underlying state court conviction, in November 2024, the Sixth Circuit Court of Appeals denied Frazier's motion for an order authorizing the district court to consider a second or successive habeas petition. *See In Re: Alvin Dwayne Frazier*, No. 24-1387 (6th Cir. Nov. 14, 2024).

### III. Frazier's Applications to Proceed on Appeal without Prepaying Fees or Costs (ECF Nos. 55; 77)

Frazier has filed two appeals related to this case, and corresponding applications to proceed *in forma pauperis* (IFP) on appeal under Appellate Rule 24(a)(1). ECF Nos. 55; 77.

Under 28 U.S.C. § 1915, a court may grant a plaintiff IFP status if the person "submits an affidavit . . . that the person is unable to pay such fees or [to] give security therefor." 28 U.S.C. § 1915(a)(1). But "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.* § 1915(a)(3). "Good faith" is an objective standard that is demonstrated when a party seeks appellate review of an issue that is "not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, neither of Frazier's appeals may be characterized as being taken in good faith. As it relates to both the February 29 and June 27 orders, this Court again "notes that Frazier was dismissed without prejudice and may commence a new action" if so chooses, and he "has not shown that this Court made a mistake in denying class certification." ECF No. 62 at PageID.280–81. Moreover, Frazier has not articulated any other basis on which he seeks appellate review. *See generally* ECF Nos. 55; 77. Accordingly, both of his applications to proceed IFP on appeal will be denied.

## IV. Conclusion

Accordingly, it is **ORDERED** that:

1. Frazier's Motion for Relief from Judgment, ECF No. 72, is **DENIED**;

2. Frazier's Motion to Extend Time to File Bill of Costs, ECF No. 72, is **DENIED**;

3. Frazier's Motion for Reconsideration, ECF No. 73, is **DENIED**;

4. Frazier's First Application to Proceed on Appeal without Prepaying Fees or Costs, ECF No. 55, is **DENIED**;

5. Frazier's Second Application to Proceed on Appeal without Prepaying Fees or Costs, ECF No. 77, is **DENIED**; and

6. The Clerk of the Court is **DIRECTED** to send a copy of this Order to the Sixth Circuit Court of Appeals regarding Case Nos. 24-1266 and 24-1702.

**IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: January 24, 2025